ROGERS JOSEPH O'DONNELL
Renée D. Wasserman (State Bar No. 108118)
rwasserman@rjo.com
Merri A. Baldwin (State Bar No. 141957)
mbaldwin@rjo.com
Alecia E. Cotton (State Bar No. 252777)
acotton@rjo.com
Emily A. Wieser (State Bar No. 311315)
ewieser@rjo.com
311 California Street, 10th Floor
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:   415.956.6457

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. **'22CV0379 L    DEB**<br><br>[Removed from San Diego County Superior Court, Case No. 37-2022-00003327-CU-BT-CTL]<br><br>**CLASS ACTION**<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Date of first filing:  January 26, 2022 |

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Costco Wholesale Corporation ("Costco") hereby provides notice of removal of this action from the Superior Court of the State of California, San Diego County to the United States District Court for the Southern District of California.  Costco appears for the purpose of removal only, reserves all rights, claims and defenses of any nature whatsoever, and expressly denies that it is liable to

the Plaintiff or to any members of the purported putative class, as defined in the Complaint, for any damages or other relief. Costco states as grounds for removal the following:

## THE COMPLAINT

1. On January 26, 2022, an action was commenced with the Superior Court of the State of California for the County of San Diego, entitled *Diana Vargas v. Costco Wholesale Corporation*, Case No. 37-2022-00003327-CU-BT-CTL (the "Action"). A true and correct copy of the Complaint is attached as Exhibit ("Exh.") B to the Appendix of State Court Pleadings In Support of Costco's Notice of Removal ("Appendix" filed concurrently herewith).

2. Plaintiff Diana Vargas ("Plaintiff") served Costco with the Summons and Complaint on February 17, 2022. Appendix Exhs. A, B and G, Summons, Complaint and Service of Process Transmittal.

3. In the Action, Plaintiff alleges that Costco deceptively labels its Kirkland Signature Organic Roasted Seaweed Snacks (the "Product") and fails to disclose that the Product contains cadmium. *See generally* Appendix Exh. B, Complaint.

4. Plaintiff's Complaint alleges nine causes of action against Costco:
   a. Violations of the Unfair Competition Law;
   b. Violations of the False Advertising Law;
   c. Violations of the Consumer Legal Remedies Act;
   d. Unjust Enrichment/Quasi Contract;
   e. Negligent Misrepresentation/Omission;
   f. Breach of Express Warranty;
   g. Strict Product Liability—Failure to Warn; and
   h. Strict Product Liability—Manufacturing Defect.

   Appendix Exh. B, Complaint at ¶¶ 56-121.

5. Plaintiff brings this Action as a putative class action and seeks to represent the following classes:
   a. All consumers who purchased the Product in the United States

        between January 26, 2018, household or business use, and not for resale and the dates of judgment in this action.

    b.    All consumers who purchased the Product in the State of California between January 26, 2018, household or business use, and not for resale and the dates of judgment in this action.

    Appendix Exh. B, Complaint at ¶ 47.

6.    Costco denies Plaintiff's allegations and contends that Plaintiff's suit is subject to dismissal on several grounds. Nevertheless, assuming Plaintiff's allegations are true for purposes of determining jurisdiction, this suit is properly removed to this Court under CAFA.

## JURISDICTION

7.    This Court has original jurisdiction over this Action pursuant to CAFA because:

    a.    The putative class consists of at least 100 individuals,

    b.    At least one member of the putative class is a citizen of a State or foreign state that is different from the citizenship of Defendant, and

    c.    The matter amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(d)(2), (d)(5).

8.    CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9.    Plaintiff filed her Complaint under Section 382 of the California Code of Civil Procedure which authorizes one or more individuals to sue "for the benefit of all" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." Cal. Code Civ. Proc. § 382; Appendix Exh. B, Complaint at ¶¶ 47-55. Accordingly, this action is a "class action" within the meaning of CAFA.

10.    No presumption against removal exists in cases invoking CAFA jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Under CAFA, a removing defendant need not submit any evidence of the facts establishing

jurisdiction in its notice of removal.  *Id*. at 551 (A notice of removal "need not contain evidentiary submissions."); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (accord).  Rather, the removal notice only needs to include "a plausible allegation that the jurisdictional facts exist." *Dart Cherokee Basin Operating Co., LLC,* 135 S. Ct. at 554.  Evidence is required "only when the plaintiff contests, or the court questions, the defendant's allegations." *Id.; Arias,* 936 F.3d at 924. ("when a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

### MORE THAN 100 PUTATIVE CLASS MEMBERS

11.   Plaintiff seeks to represent "[a]ll consumers who purchased the Product in the United States between January 26, 2018, household or business use, and not for resale and the dates of judgment in this action" as well as a sub-class of "[a]ll consumers who purchased the Product in the State of California between January 26, 2018, household or business use, and not for resale and the dates of judgment in this action."  Appendix Exh. B, Complaint at ¶ 47.

12.   The Complaint alleges that the potential members of the class, as defined in the Complaint, are so numerous that joinder of all members of the Class is impracticable.  Appendix Exh. B, Complaint at ¶ 48.  Specifically, Plaintiff alleges that the putative class is comprised of "thousands of purchasers" of the Product.  *Id.*

13.   Accordingly, the allegations of the Complaint, taken as true, demonstrate that CAFA's requirement of at least 100 putative class members is met.

### DIVERSITY

14.   Under CAFA, diversity of citizenship exists when "any member of a class of plaintiffs is a citizen of a state different from any defendant[.]"  28 U.S.C. § 1332(d)(2)(A).

15.   Plaintiff alleges that she resides in Oceanside, California and at all times relevant to the Action, has been a resident of the County of San Diego.  Appendix Exh. B, Complaint, ¶ 7; Appendix Exh. C, Declaration of Diana Vargas (Vargas Dec."), ¶ 4.  A person is a citizen of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*,

704 F.2d 1088, 1090 (9th Cir. 1983).  Under CAFA, a removing party may make allegations of plaintiff's citizenship on information and belief, without the need for evidentiary submissions to verify any such allegations.  *Ehrman v. Cox Comm'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).  As such, based on Plaintiff's allegations that she resides in California, Costco is informed and believes, and on that basis alleges, that Plaintiff is a citizen of California, the state in which she resides, for purposes of removal under CAFA.

16. Plaintiff alleges that Costco is a Washington corporation authorized to do business in California.  Appendix Exh. B, Complaint, ¶ 8.  A corporation is a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  Costco is, and was at the time of the filing of this action, a corporation organized and existing under the laws of the State of Washington, with its principal place of business in the State of Washington.  *See* Appendix Exh. B, Complaint, ¶ 8; Appendix Exh. C, Vargas Dec., ¶ 5.  Costco is therefore a citizen of Washington.

17. Because Plaintiff and Costco are citizens of different states, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

18. This Court also has jurisdiction because the amount in controversy in this matter is greater than $5,000,000.[1]  Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  Costco's amount in controversy allegation should be accepted unless it is challenged by the Plaintiff or the Court.  *Dart*, 574 U.S. at 87.  Where a defendant's amount in controversy allegations are challenged, removal is nonetheless proper where the Defendant establishes "by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.  28 U.S.C. § 1446; *Dart Cherokee*, 574 U.S. at 88.

19. Under the preponderance of the evidence standard, the Court must determine

---

[1] Costco offers this estimated calculation for purposes of this Notice of Removal, based on the assumptions about the amount in controversy accepted by Ninth Circuit courts.  These calculations do not reflect Costco's admission nor estimate of any actual liability.

whether it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When measuring the amount in controversy, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also*, *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395 400 (9th Cir. 2010) ("[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

20. In her Complaint, Plaintiff seeks to represent a class of "[a]ll consumers who purchased the Product in the United States between January 26, 2018, household or business use, and not for resale and the dates of judgment in this action" as well as a sub-class of "[a]ll consumers who purchased the Product in the State of California between January 26, 2018, household or business use, and not for resale and the dates of judgment in this action." Appendix Exh. B, Complaint at ¶ 47.

21. Plaintiff seeks "monetary relief on behalf of the proposed Class…including restoring monies to the members of the proposed Classes." Appendix Exh. B, Complaint at ¶ 2; *see also* Appendix Exh. B, Complaint at ¶¶ 72, 79, 89 (seeking restitution in the amount spent on the Product in connection with Plaintiff's first, second, fourth causes of action); Appendix Exh. B, Complaint at ¶¶ 95, 101, 116, 121 (seeking monetary damages in connection with her fifth, sixth, eight, and ninth causes of action).

22. Costco's records indicate that between January 26, 2018 to the present, its nationwide sales of the Product exceed $5 million. Costco's records further indicate that between January 26, 2018 to the present, it sold more than $5 million of the Product in the State of California. Thus, while Costco denies Plaintiff's allegations in her Complaint, the amount in controversy exceeds the $5 million jurisdictional limits identified in CAFA.

**Plaintiff Cannot Show Any CAFA Exception Applies**

23. Once CAFA's initial requirements have been satisfied, the burden of proving one of CAFA's exceptions rests with the party asserting the exception. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007). No exception applies here and as such, this Court has jurisdiction.

### Removal Is Timely

24. Costco was served with the Complaint on February 17, 2022. Appendix Exh. G, Service of Process Transmittal. Thus, the Notice of Removal is timely filed within thirty days of service of the Complaint.[2] 28 U.S.C. § 1446(b).

### Venue

25. Because the Complaint was filed and is currently pending in the Superior Court of California for the County of San Diego, the Southern District of California is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a).

### Removal Procedure

26. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings filed in the State Court action and served on Costco are attached to the Appendix of State Court Pleadings, filed concurrently herewith.

27. Costco will promptly serve written notice of the removal of this action upon Plaintiff and will file such notice with the Clerk of the Superior Court of the State of California, County of San Diego as required by 28 U.S.C. § 1446(d).

Dated: March 21, 2022

ROGERS JOSEPH O'DONNELL

By:   /s/ Merri A. Baldwin
RENÉE D. WASSERMAN
ALECIA E. COTTON
EMILY A. WIESER

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

---

[2] Thirty days from the date of service was Saturday, March 19, 2022. Accordingly, the deadline to file removal is extended until Monday, March 21, 2022. F.R.C.P. 6.