# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, a Washington corporation, and DOES 1 through 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DIANA VARGAS, Individually and on Behalf of All Others Similarly Situated,
</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/26/2022 at 10:34:28 AM
Clerk of the Superior Court
By Elizabeth Reyes,Deputy Clerk
</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Superior Court for the State of California
County of San Diego
330 W. Broadway, San Diego, CA 92101
</td><td>

CASE NUMBER: *(Número del Caso):*
37-2022-00003327-CU-BT-CTL
</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marcus J. Bradley- Bradley/Grombacher LLP 31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361 Tel: (805) 270-7100

<table>
<tr><td>DATE:<br>*(Fecha)*    01/27/2022</td><td>Clerk, by<br>*(Secretario)*   E Reyes</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Costco Wholesale Corporation a Washington Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

[SEAL]

<table>
<tr><td>Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]</td><td>**SUMMONS**</td><td>Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov</td></tr>
</table>

# Exhibit B

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (174156)
Kiley L. Grombacher, Esq. (245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
      kgrombacher@bradleygrombacher.com

**MAJARIAN LAW GROUP**
Sahag Majarian, Esq. (SBN 146621)
Garen Majarian (SBN 334104)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:    (818) 609-0807
Facsimile:    (818) 609-0892
E-Mails: sahagii@aol.com
       garen@majarianlaw.com

*Attorneys for Plaintiff and the Putative Class*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/26/2022 at 10:34:20 AM
Clerk of the Superior Court
By Elizabeth Reyes, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

| | |
|---|---|
| DIANA VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation, and DOES 1 through 10,<br><br>                    Defendants. | **CASE NO.:** 37-2022-00003327-CU-BT-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **VIOLATIONS OF THE UNFAIR COMPETITION LAW;**<br>2.  **VIOLATIONS OF THE FALSE ADVERTISING LAW**<br>3.  **VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT;**<br>4.  **UNJUST ENRICHMENT/QUASI CONTRACT;**<br>5.  **NELIGENT MISREPRESENTATION/OMISSION;**<br>6.  **BREACH OF EXPRESSWARRANTY;**<br>7.  **BREACH OF IMPLIED WARRANTY;**<br>8.  **STRICT PRODUCT LIABILITY - FAILURE TO WARN; and**<br>9.  **STRICT PRODUCT LIABILITY – MANUFACTURING DEFECT**<br><br>**DEMAND FOR JURY TRIAL** |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

Plaintiff, Diana Vargas ("Plaintiff"), individually and on behalf of all others similarly situated throughout the State of California, file this Class Action Complaint ("CAC") against Defendant Costco Wholesale Corporation ("Costco" or "Kirkland" or "Defendant"), and in support states the following:

**NATURE OF THE ACTION**

1.      This is a class action lawsuit by Plaintiff, by and through her undersigned attorneys, against Defendant for its negligent, reckless, and/or intentional practice of failing to fully disclose the presence of cadmium ("Heavy Metals"), perchlorate, and/or other undesirable toxins or contaminants in their purchased Kirkland Organic Roasted Seaweed Snack ("Product").

2.      The Product is sold throughout the United States and does not conform to its packaging. Plaintiff seeks both injunctive and monetary relief on behalf of the proposed Classes (as defined herein), including restoring monies to the members of the proposed Classes. Plaintiff alleges the following based upon personal knowledge, as well as investigation by their counsel as to themselves, and as to all other matters, upon information and belief. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**JURISDICTION AND VENUE**

3.      Plaintiff, on behalf of herself and all others similarly situated, brings this Complaint for declaratory and/or injunctive relief and restitution under California Business & Professions Code §17200, *et. seq.*, §17500, *et. seq.*, California Civil Code §1750, *et. seq.*, and California common law.

4.      This Complaint is brought as a class action pursuant to California Code of Civil Procedure §382. The restitution sought by Plaintiff and the putative class members exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

5.      This Court has jurisdiction over Defendant because Defendant is authorized to and conducts business in and across this State of California, including with respect to the Products at issue; and Defendant otherwise has sufficient minimum contacts with and purposefully avails itself of the markets of this State, thus rendering the Superior Court's jurisdiction consistent with traditional notions of fair play and substantial justice.

1       6.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure §

2  395(b) in that this action arises from an offer or provision of goods intended primary for personal use

3  and Plaintiff purchased the good(s) at issue in the County of San Diego. The injuries that have been

4  sustained by Plaintiff as a result of Defendant's illegal conduct occurred in the County of San Diego.

5  Defendant conducts substantial business in the County of San Diego. Moreover, at all relevant times,

6  Defendant promoted, marketed and sold its products, including the adulterated Products at issue, to

7  purchasers in California, including within the County of San Diego.

8                                          **THE PARTIES**

9       7.     Plaintiff resides in Oceanside, California, and at all times relevant hereto has been, a resident

10  of the County of San Diego. Plaintiff has a membership with Defendant and is in privity with the company.

11  In the last two years Plaintiff purchased the Product at Defendant's retail location in Vista, California,

12  on 4-5 occasions. Plaintiff read and relied on the packaging prior to purchase.  During that time,

13  Plaintiff was unaware that Defendant's Product may be adulterated with cadmium. Plaintiff purchased

14  Defendant's Product on the assumption that the labeling of these Products was accurate and that the

15  products were unadulterated, safe and effective. Plaintiff would not have purchased Defendant's Products

16  had she known there was a risk the products may contain Cadmium, a known human carcinogen. As a

17  result, Plaintiff suffered injury in fact when she spent money to purchase a product she would not otherwise

18  have purchased absent Defendant's misconduct, as alleged herein.  Plaintiff would be willing to purchase

19  Products in the future if she could be certain that they do not contain (of have a material risk of containing)

20  cadmium or other heavy metals and/or contaminants.

21       8.     Defendant is an American multinational corporation which operates a chain of membership-

22  only big-box retail stores. Defendant is a Washington corporation and is authorized to do business in

23  California.

24       9.     The use of the term "defendants" or "Defendants" in any of the allegations in this

25  Complaint, unless specifically alleged otherwise, is intended to include and charge, both jointly and

26  severally, not only the Defendants identified in this Complaint, but also all Defendants designated as

27  DOES 1 through 10, inclusive, as though the term "Defendants" was followed in each and every

28

1  instance throughout this Complaint with the phrase "and each of them jointly and severally, including
2  all named Defendants and Defendants included herein and sued under the fictitious names of DOES 1
3  through 10, inclusive."

4     10.     Plaintiff is informed and believes, and thereon alleges, that Defendants, at all times
5  herein mentioned, were the partners, joint venturers, subsidiaries, successors in interest, managing
6  agent, merged entities, agents, alter egos, part of a jointly owned, managed, and/or operated business
7  enterprise, and/or employees of each other Defendant and in doing the acts, omissions, and things
8  alleged herein were acting as such and within the scope of their authority as such agents and employees
9  and with the permission and consent of all other Defendants.  Plaintiff is informed and believes, and
10 thereon alleges, that Defendants have, and always herein mentioned had, a joint economic and business
11 interest, goal and purpose in the products that are the subject of this lawsuit.

12                                    **INTRODUCTION**

13 **Seaweed Snacks Have Risen in Popularity Due to Purported Health Benefits**

14    11.     Edible seaweed, also called sea vegetables, are aquatic plants known as algae (either red
15 algae, green algae, or brown algae) that grow in the ocean. Seaweed contains amino acids called glutamates
16 which have a salty, rich, savory taste known as umami.

17    12.     Most often associated with Japanese cuisine, marine algae have been harvested for
18 thousands of years for culinary and medicinal purposes in China, Korea, and other countries with significant
19 coastlines. Seaweed is now a regular ingredient in smoothies and dried seaweed snacks are a popular
20 alternative to chips.

21    13.     Such popularity is particularly driven by the purported health benefits of the Product which
22 include:

23        • **Improved Thyroid Function.** Seaweed is an excellent source of iodine, a vital trace
24           mineral that plays a critical role in thyroid health. The body doesn't make iodine on its
25           own, so you need to get it from food sources or supplements.  Your thyroid plays a crucial
26           role in your overall health, and iodine plays a vital role in its ability to function properly.[1]

27
28  [1] https://www.webmd.com/diet/health-benefits-seaweed#1 (Last viewed 1/19/2022).

                                           4
                              CLASS ACTION COMPLAINT

- **Improved Gut Health.** "Seaweed contains both soluble and insoluble fiber, making seaweed a great prebiotic source to support gut health," explains dietitian Chelsea Gloeckner, MS, RD." These fibers include particular sugars called sulfated polysaccharides, which have been shown to increase the growth of 'good' gut bacteria and also increase the production of short-chain fatty acids (SCFA), which provide support and nourishment to the GI tract cell lining," adds dietitian Rachel Fine MS, RD, CSSD, CDN .[2]

- **Supports Strong Immunity.** The underwater wonder contains many immune-boosting minerals and vitamins. "Seaweed is a source of a potent antioxidants, including alginate and fucoxanthin," says Fine. "There is promising research showing potential anti-inflammatory benefits that may relate to reducing the risk of diabetes and obesity. Thanks to iodine and an amino acid called tyrosine, the "grass" of the sea also benefits the thyroid and may help prevent thyroid disease. Seaweed also contains polyphenols, "which can support anti-cancer processes in the body," adds functional medicine expert Dr. Elroy Vojdani, MD.[3]

- **Improved Cardiovascular Health.** Some studies show that seaweed intake may help to reduce blood pressure. It may also help to reduce LDL cholesterol and total cholesterol levels.[4]

- **Improved Brain Health.** Omega-3 fatty acids, EPA, and DHA found in seaweed are great cognitive health, which can include improved memory and performance. Some populations also rely on the food for brain development in children.[5]

## Defendant Manufactures, Distributes and Markets a Roasted Seaweed Snack Product Under its Kirkland Signature Brand

14.    "Kirkland Signature" is Costco's private label. It is sold by Costco at their website and warehouses, and is trademarked by the company. Many Kirkland Signature products are produced by the same manufacturers as their respective name brands.

---

[2] https://www.elle.com/beauty/health-fitness/news/a26568/seaweed-snacks-healthy/ (last viewed 1/9/2022)
[3] https://www.elle.com/beauty/health-fitness/news/a26568/seaweed-snacks-healthy/ (last viewed 1/9/2022)
[4] https://www.webmd.com/diet/health-benefits-seaweed#1
[5] https://www.elle.com/beauty/health-fitness/news/a26568/seaweed-snacks-healthy/

5

15.     Defendant promotes its Kirkland brand in a manner such that consumers understand it to be "synonymous with higher quality and exceptional value.[6]"

16.     One item in the Kirkland Signature product line is the Kirkland Organic Roasted Seaweed Snack (defined as "Product" above).

17.     Defendant packages, markets, advertises, manufactures and/or distributes, and sells their Product at their retail stores throughout the United States, including in the State of California.

**Independent Third-Party Lab Testing Has Revealed the Presence of Heavy Metal Contaminants in the Product**

18.     In 2021, ConsumerLabs.com tested dried seaweed and roasted seaweed snacks to determine their iodine content and whether they contained heavy metal contaminants.

19.     The testing revealed a single serving contained 6mcg of cadmium.

20.     Cadmium is a natural element in the earth's crust. It is usually found as a mineral combined with other elements such as oxygen (cadmium oxide), chlorine (cadmium chloride), or sulfur (cadmium sulfate, cadmium sulfide)[7].

21.     Cadmium is a non-essential toxic heavy metal, an environmental toxicant, and toxic at a low concentration, and it has no known beneficial role in the human body. Its exposure induces various health impairments including hostile reproductive health.

22.     Long-term exposure to lower levels of cadmium in air, food, or water leads to a buildup of cadmium in the kidneys and possible kidney disease. Other long-term effects are lung damage and fragile bones.[8]

---

[6] https://investor.costco.com/static-files/0878117f-7f3f-4a77-a9a5-c11a2534e94d

[7] https://wwwn.cdc.gov/TSP/ToxFAQs/ToxFAQsDetails.aspx?faqid=47&toxid=15#:~:text=The%20FDA%20has%20determined%20that%20the%20cadmium%20concentration,an%208-hour%20workday%2C%2040-hour%20workweek.%20Top%20of%20Page (last viewed 1/10/2022)

[8] https://wwwn.cdc.gov/TSP/ToxFAQs/ToxFAQsDetails.aspx?faqid=47&toxid=15#:~:text=The%20FDA%20has%20determined%20that%20the%20cadmium%20concentration,an%208-hour%20workday%2C%2040-hour%20workweek.%20Top%20of%20Page

6

1    23.    Cadmium, like lead, "displays a troubling ability to cause harm at low levels of exposure."[9]

2    The U.S. Department of Health and Human Services has determined that cadmium and cadmium

3    compounds are known human carcinogens and the EPA has likewise determined that cadmium is a probable

4    human carcinogen.[10] Compounding such concerns is the fact that cadmium has a prolonged half-life as it

5    "sequesters in [human] tissue."[11]

6    24.    The EPA has set a maximum contaminant level for cadmium in drinking water of 5 ppb, 40

7    C.F.R. § 141.62; the FDA has set a maximum level in bottled water to 5 ppb; and the WHO set a maximum

8    cadmium level in drinking water to 3 ppb. Ex. 1 at 29.

9    25.    The FDA has acknowledged that exposure to heavy metals including cadmium are "likely

10   to have the most significant impact on public health" and has prioritized them in connection with its heavy

11   metals workgroup looking to reduce the risks associated with human consumption of heavy metals.[12]

12   26.    The Department of Health and Human Services (DHHS) has determined that cadmium and

13   cadmium compounds are known human carcinogens[13].

14   27.    At all times during the Class Period, Defendant knew or should have known the Products

15   included undisclosed cadmium and were not sufficiently tested for the presence and material risk of

16   cadmium.

17   28.    Defendant's Products included undisclosed levels of cadmium due to Defendant's failure to

18   monitor for their presence in the ingredients and finished products. Defendant was aware of this risk and

19   failed to disclose it to Plaintiff and the Class despite having a duty to disclose.

20   _____

21   [9] HBBF Report at 14.

22   [10] Agency for Toxic Substances and Disease Registry, *Public Health Statement for Cadmium*, available at
23      https://wwwn.cdc.gov/TSP/PHS/PHS.aspx?phsid=46&toxid=15 (last accessed Sept. 3, 2021)

24   [11] Genius S.J., Schwalfenberg G., Siy A.-K.J., Rodushkin I. (2012) *Toxic Element Contamination of Natural
        Health Products and Pharmaceutical Preparations*, PLOS ONE 7(11): e49676, available *at*
25      https://doi.org/10.1371/journal.pone.0049676 (last accessed Sept. 3, 2021).

26   [12] https://www.fda.gov/food/chemicals-metals-pesticides-food/metals-and-your-food (last viewed 1/11/2022.)
        [13]https://wwwn.cdc.gov/TSP/ToxFAQs/ToxFAQsDetails.aspx?faqid=47&toxid=15#:~:text=The%20FDA%20h
27      as%20determined%20that%20the%20cadmium%20concentration,an%208-hour%20workday%2C%2040-
        hour%20workweek.%20Top%20of%20Page (last viewed 1/10/2022)

7

29.     Defendant knew or should have known that cadmium poses health risks.

30.     Defendant knew or should have known that it owed consumers a duty of care to prevent, or at the very least, minimize the presence of cadmium in the Products to the extent reasonably possible.

31.     Defendant knew or should have known it owed consumers a duty of care to adequately test for cadmium in the Products.

32.     Defendant knew consumers purchased the Products based on the reasonable expectation that Defendant manufactured the Products to the highest standards. Based on this expectation, Defendant knew or should have known consumers reasonably inferred that Defendant would hold the Products to the highest standards for preventing the inclusion of heavy metals including cadmium in the Products, which would include testing the Products' ingredients and finished products for heavy metals.

**The Products Are Deceptively Labeled**

33.     Reasonable consumers, like plaintiff, trust manufacturers like Defendant to sell food that is healthy, nutritious and free rom harmful toxins, contaminants and chemicals

34.     Consumers lack the scientific knowledge necessary to determine whether the Defendant's Products do in fact contain Cadmium, and/or other undesirable toxins or contaminants, or to ascertain the true nature of the ingredients and quality of the Products. Reasonable consumers therefore must and do rely on Defendant to properly and fully disclose what their products contain. This is especially true for a product's contents like cadmium that are material to a reasonable consumer's purchasing decisions.

35.     Defendant engaged in a long-term advertising campaign that fails to disclose the presence of heavy metals such as cadmium.

36.     Defendant's packaging emphasizes that the Products' are organic, and made with superior ingredients to justify a premium price and induce reasonable consumers to believe in the quality and safety of their products for consumption.

/ / /

/ / /

/ / /

/ / /

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



24     37.     Based on the impression given by the packaging, no reasonable consumer could expect

25     or understand that the Products contained cadmium.

26     38.     Yet, the Product does contain dangerous heavy metals such as cadmium. Defendants

27     fail to disclose to consumers that the Products contain (or have a material risk of containing) cadmium

28

1   and/or other undesirable toxins or contaminants. Nowhere on the Products' packaging is it disclosed
2   that they contain (or have a material risk of containing) Heavy Metals and/or other undesirable toxins
3   or contaminants (hereinafter collectively referred to as "Omissions").

4       39.    Based on the Omissions, no reasonable consumer had any reason to know or expect that
5   the Products contained cadmium and/or other undesirable toxins or contaminants. Furthermore,
6   reasonable consumers would consider the mere presence (or risk) of cadmium, heavy metals and/or
7   other undesirable toxins or contaminants a material fact when considering whether to purchase the
8   Product.

9       40.    Based on Defendant's decision to wholly omit mention of the presence of cadmium,
10  heavy metal and/or other undesirable toxins or contaminants in the Products, and to instead advertise,
11  package, and market their Products as healthy, nutritious, and organic, claims which were bolstered by
12  images of the seaweed snack on the packaging, they had a duty to ensure that these statements and the
13  message portrayed by the packaging's imagery were true and not misleading. As such, Defendant knew
14  or should have known the Products included nondisclosed cadmium, and/or other undesirable toxins
15  or contaminants and that over time, these toxins can accumulate to their detriment.

16      41.    As a result of the material Omissions, a cadmium, heavy metals and/or other undesirable
17  toxins or contaminants in the Products without conducting his or her own scientific tests (which are
18  time consuming and expensive) or reviewing third-party scientific testing of these products.

19      42.    Defendant knows that their customers trust the quality of their products and expect the
20  Product to be free of cadmium, heavy metals, and/or other undesirable toxins or contaminants. They
21  also know their consumers seek out and wish to purchase a product that possess "high quality"
22  ingredients free of toxins, contaminants, or chemicals, and that these consumers will pay more for
23  products they believe possess these qualities.

24      43.    Defendant knew consumers would find the Omissions material.  The Omissions are
25  deceptive, misleading, unfair, and/or false because the Product contain undisclosed levels of cadmium,
26  heavy metals, and/or other undesirable toxins or contaminants.

27

28
                                         10

44.     The Omissions allowed Defendant to capitalize on, and reap enormous profits from, reasonable consumers who paid a premium price for the Product that omitted material information as to the foods' true quality and value. Defendant continues to wrongfully induce consumers to purchase their Products.

45.     The Omissions were intended to and did, in fact, cause consumers like Plaintiffs and the members of the Class, to purchase products they would not have if the true quality and ingredients were disclosed or for which they would not have paid a premium price.

**CLRA Exhaustion**

46.     Pursuant to § 1782 of the CLRA, Plaintiff has provided pre-suit notice to Defendant of the particular violations of § 1770 of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed herein, which Defendant has thus far failed to do.  Plaintiff intends to amend her complaint to add a claim for damages under the. CLRA after full exhaustion.

**CLASS ALLEGATIONS**

47.     Plaintiff brings this action under California Code of Civil Procedure §382 as a class action and seeks certification of the following class against Defendant for violations of state laws and federal laws (the "Classes"):

> **Nationwide Class**
> All consumers who purchased the Product in the United States between January 26, 2018, household or business use, and not for resale and the dates of judgment in this action.
>
> **California Class**
> All consumers who purchased the Product in the State of California between January 26, 2018, household or business use, and not for resale and the dates of judgment in this action.
>
> Excluded from the Classes are individuals who allege personal bodily injury resulting from the use of Product(s). Also excluded from this Class are Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

48.     The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Products who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff at this time.

49.     Plaintiff's claims are typical to those of all class members because members of the class are similarly injured through Defendant's uniform misconduct described above and were subject to Defendant's deceptive packaging  that accompanied each and every Product. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

50.     Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiff and all prospective Class members involve the same alleged defect. These common legal and factual questions include the following:

     (a)   whether Defendant's Products contained cadmium;

     (b)   whether Defendant's omissions are true, or are misleading, or objectively reasonably likely to deceive.

     (c)   whether the alleged conduct constitutes violations of the laws asserted;

     (d)   whether Defendant's alleged conduct violates public policy;

     (e)   whether Defendant engaged in false or misleading advertising;

     (f)   whether Plaintiff and the Class members are entitled to damages and/or restitution and the proper measure of that loss; and

     (g)   whether an injunction is necessary to prevent Defendant from continuing to market and sell defective and adulterated Products that contain cadmium, a known human carcinogen.

51.     Plaintiff and their counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases similar to that here and

1    have the resources and abilities to fully litigate and protect the interests of the class. Plaintiff intends to
2    prosecute this claim vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class,
3    nor is Plaintiff subject to any unique defenses.

4        52.    A class action is superior to the other available methods for a fair and efficient
5    adjudication of this controversy. The damages or other financial detriment suffered by Plaintiff and
6    individual Class members are relatively small compared to the burden and expense that would be
7    entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible
8    for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done
9    to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum,
10   as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiff
11   knows of no difficulty that would be encountered in the management of this case that would preclude
12   its maintenance as a class action.

13       53.    The Class also may be certified because Defendant has acted or refused to act on
14   grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief
15   with respect to the members of the Class as a whole.

16       54.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of
17   the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant
18   from engaging in the acts described above, and requiring Defendant to provide full restitution in the
19   form of a refund of the full purchase price of the Products to Plaintiffs and Class members.

20       55.    Unless a Class is certified, Defendant will retain monies received as a result of their
21   conduct that were taken from Plaintiff and the Class members. Unless a Class-wide injunction is issued,
22   Defendant will continue to commit the violations alleged, and the members of the Class and the general
23   public will continue to be misled.

24   / / /
25   / / /
26   / / /
27   / / /
28

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

**(Violations of the Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §**

**17200, *Et Seq.* Against Defendant on Behalf of the California Class)**

56.     Plaintiff incorporates by references and re-alleges each and every allegation contained above, as though fully set forth herein.

57.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…." Cal. Bus. & Prof. Code § 17200.

***Fraudulent Acts and Practices***

58.     Any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice under the UCL. Similarly, any advertising that is deceptive, untrue or misleading constitutes a fraudulent business act or practice under the UCL.

59.     Defendant has engaged, and continues to engage, in conduct that is likely to deceive members of the public. This conduct includes representing in their labels that their Products contain only the ingredients listed in the label, which is untrue, and failing to make any mention that the Products are adulterated with cadmium, a known human carcinogen.

60.     Similarly, Defendant has engaged, and continues to engage, in deceptive, untrue, and misleading advertising by "promising" to consumers, among other things that the ingredients are "organic when in fact the Products may contain a known (but undisclosed) human carcinogen (i.e. cadmium).

61.     By committing the acts alleged above, Defendant has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code §17200.

***Unlawful Acts and Practices***

62.     As alleged herein, Defendant's failure to disclose the presence (or risk of presence) of cadmium and/or other undesirable toxins or contaminants in the Products violate at least the following laws:

1          • The CLRA, California Business & Professions Code §§1750, et seq.; and

2          • The False Advertising Law, California Business & Professions Code §§17500, et. seq.

3    ***Unfair Acts and Practices***

4          63.    Any business practice that offends an established public policy or is immoral, unethical,

5    oppressive, unscrupulous, or substantially injurious to consumers constitutes an "unfair" practice under

6    the UCL.

7          64.    Defendant's conduct with respect to the packaging and sale of the Products is unfair

8    because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to

9    consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their

10   victims.

11         65.    Defendant's conduct with respect to the packaging and sale of the Products is also unfair

12   because it violates public policy as declared by specific constitutional, statutory, or regulatory

13   provisions, including, but not limited to, the False Advertising Law.

14         66.    Defendant's conduct with respect to the packaging and sale of the Products is also unfair

15   because the consumer injury is substantial, not outweighed by benefits to consumers or competition,

16   and not one that consumers, themselves, can reasonably avoid.

17         67.    Defendant was obligated to disclose the presence of cadmium, and/or other undesirable

18   toxins or contaminants in the Products because:

19              (a) Defendant had exclusive knowledge of the presence of cadmium and/or other

20              undesirable toxins or contaminants in the Products that were not known or reasonably

21              accessible to Plaintiff and the Class;

22              (b) Defendant actively concealed the presence of cadmium and/or other undesirable

23              toxins or contaminants from Plaintiff and the Class; and

24              (c) Defendant made partial statements on the Product's packaging that gave a misleading

25              impression to reasonable consumers without further information because the presence of

26              cadmium and/or other undesirable toxins or contaminants had not been disclosed.

27

28

68.     The Omissions were contrary to the representations Defendant made on the Product's packaging.

69.     Plaintiff and the Class relied upon the Products' packaging provided to them by Defendant when making their purchasing decisions. Had Plaintiff and the Class known Defendants failed to disclose the presence of cadmium and/or other undesirable toxins or contaminants from their packaging, they would not have purchased the Products.

70.     By committing the acts described above, Defendant has engaged in unfair business acts and practices which constitute unfair competition within the meaning of the UCL.

71.     In accordance with California Business & Professions Code §17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign. Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

72.     On behalf of themselves and the Class, Plaintiff also seeks an order for the restitution of all monies from the sale of the Products, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition. In addition, because there is a risk the Products contain cadmium, a known human carcinogen, the measure of restitution should be rescission and full refund insofar as the Product products and their associated labels are worthless. But for Defendant's misrepresentations and omissions, Plaintiff would have paid nothing for Products that have a risk of containing a known human carcinogen (i.e. cadmium). Indeed, there is no discernible "market" for a snack product that may be adulterated with a known human carcinogen. As a result, the Products are rendered valueless.

**SECOND CAUSE OF ACTION**

**(Violations of California's False Advertising Law, California Business & Professions Code §§17500, Et. Seq., Against Defendant on Behalf of the California Class)**

73.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

74.     California's False Advertising Law prohibits any statement or omission in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

75.     As set forth herein, Defendant's failure to disclose the presence (or risk of presence) of cadmium and/or other undesirable toxins or contaminants in the Product is likely to deceive the public.

76.     Defendant knew that the Products contained undisclosed levels of cadmium and/or other undesirable toxins or contaminants, which are potentially dangerous substances. Defendant had a duty to disclose the presence of cadmium and/or other undesirable toxins or contaminants and by omitting their presence, misled consumers.

77.     Defendant knew, or reasonably should have known, that these omissions were misleading.

78.     Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase these products in the future if she can be assured that, so long as the Products are as advertised: healthy, nutritious, organic, and safe for consumption, and do not contain cadmium, heavy metals, and/or other undesirable toxins or contaminants.

79.     Plaintiff and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Products.

## THIRD CAUSE OF ACTION

**(Violations of the Consumers Legal Remedies Act (the "CLRA"), Cal. Bus. &**

**Prof. Code § 1750, *et seq.* Against Defendant on Behalf of the California Class)**

80.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

81.     Defendant has employed or committed methods, acts, or practices declared unlawful by Cal. Civ. Code §1770 in connection with the products by representing that the Product's ingredient do not contain cadmium.

82.     In particular, Defendant's failure to list cadmium as an ingredient in the products and representations regarding the safety and nature of the ingredients in the products violates California Civil Code § 1770(a), under the following subdivisions:

(5) by representing that the products have characteristics, uses and/or benefits which they do not;

(7) by representing that the products were of a particular standard, quality, or grade which they are not;

(9) by advertising the products with intent not to sell them as advertised; and

(16) by representing that the products have been supplied in accordance with previous representations when they have not.

83.     Pursuant to § 1780(a) of the CLRA, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant including, but not limited to, an order enjoining Defendant from distributing such false advertising and misrepresentations. Plaintiff, the members of the California Class, and the public at large shall be irreparably harmed if such an order is not granted.

84.     On January 22, 2022, Plaintiff provided notice to Defendant pursuant to California Civil Code §1782 for violations of the CLRA on behalf of themselves and similarly situated individuals.

85.     Plaintiff is not presently seeking monetary damages under the CLRA. Plaintiff reserves the right to amend this Complaint to include a request for damages under the CLRA after complying with *Civil Code* 1782(a).

## FOURTH CAUSE OF ACTION

**(Unjust Enrichment/Quasi Contract - Against Defendant on Behalf of the Classes)**

86.     Plaintiff incorporates by references and re-alleges each and every allegation contained above, as though fully set forth herein.

87.     Plaintiff and members of the class conferred upon Defendant non-gratuitous payments for Products that they would not have due to Defendant's deceptive labeling, advertising, and marketing. Defendant accepted or retained the non-gratuitous benefits conferred by them with knowledge and awareness that, as a result of Defendant's deception, the Plaintiff and members of the class were not receiving a product of the quality, nature, fitness, or value that had been represented by Defendant and reasonable consumers would have expected.

88.     Defendant has been unjustly enriched in retaining the revenues derived from purchases of the Products by the Plaintiff and members of the Class, which retention under these circumstances is unjust and inequitable because the Products contain cadmium.

89.     Retaining the non-gratuitous benefits conferred upon Defendant by the Plaintiff and members of the Class under these circumstances made Defendant's retention of the non-gratuitous benefits unjust and inequitable. Thus, Defendant must pay restitution to the Plaintiff and Class for their unjust enrichment, as ordered by the Court.

## FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation/Omission - Against Defendant on Behalf of the Classes)

90.     Plaintiff incorporates by references and re-alleges each and every allegation contained above, as though fully set forth herein.

91.     In making representations of fact to Plaintiff and the Class members about the Products, Defendant failed to fulfill its duty to disclose that the products contained cadmium.

92.     Additionally, Defendant made false representations regarding the quality and safety of the products and their ingredients as detailed above.

93.     Such failure to disclose on the part of Defendant amounts to negligent omission and the representations regarding the product amount to negligent misrepresentation.

94.     Plaintiff and the other members of the Class reasonably relied upon such representations and omissions to their detriment.

95.     By reason thereof, Plaintiff and the other Class members have suffered damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (Breach of Express Warranty - Against Defendant on Behalf of the Classes)

96.     Plaintiff incorporates by references and re-alleges each and every allegation contained above, as though fully set forth herein.

97.     Defendant through its packaging, and written and media advertisement, expressly warranted that the Products were safe and fit for the purposes intended, that they were of merchantable

1    quality, and that they did not pose dangerous health risks.

2        98.    Plaintiff and the Class read and relied on these express warranties provided by Defendant

3    in the packaging and written advertisements.

4        99.    Defendant breached its express warranties because the Products are defective and not

5    reasonably safe for their intended use.

6        100.   Defendant knew or should have known that the Products did not conform to their express

7    warranties and representations and that, in fact, the products are not safe and pose serious health risks

8    because they contain cadmium.

9        101.   Plaintiff and the Class have suffered harm on account of Defendant's breach of its express

10   warranty regarding the fitness for use and safety of the Products and are entitled to damages to be

11   determined at trial.

12                           **SEVENTH CAUSE OF ACTION**

13         **(Breach of Implied Warranty - Against Defendant on Behalf of the Class)**

14       102.   Plaintiff incorporates by references and re-alleges each and every allegation contained

15   above, as though fully set forth herein.

16       103.   Because the Products contained cadmium, they were not of the same quality as those

17   generally acceptable in the trade and were not fit for the ordinary purposes for which such products are

18   used.

19       104.   As alleged the products were not adequately labeled and did not disclose that they contain

20   cadmium.

21       105.   The products did not measure up to the promises or facts stated in the sales literature and

22   communications by and from Defendant.

23       106.   Defendant impliedly warranted that the Products were merchantable, fit and safe for

24   ordinary use.

25       107.   Defendant further impliedly warranted that the Products were fit for the particular

26   purposes for which it was intended and sold.

27

28                                    20

108.    Contrary to these implied warranties, the Products were defective, unmerchantable, and unfit for their ordinary use when sold, and unfit for the particular purpose for which they were sold.

## EIGHTH CAUSE OF ACTION

**(Strict Product Liability – Failure to Warn - Against Defendant on Behalf of the Class)**

109.    Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

110.    Defendant knew or should have known that their products contained cadmium which is a known carcinogen.

111.    Defendant had a duty to warn Plaintiff and the Class about the dangers of the presence of cadmium in Defendant's Products.

112.    Defendant knew that the risk of exposure to cadmium from use of its products was not readily recognizable to an ordinary consumer and that consumers would not inspect the product for cadmium content.

113.    Defendant did not warn Plaintiff and the Class that the Products contained cadmium.

114.    Plaintiff and the Class were injured by the use of the Products in a manner promoted by Defendant, and in a manner that was reasonably foreseeable by Defendant because cadmium is a known carcinogen that is absorbed through the skin.

115.    Plaintiff and the Class were justified in their reliance on Defendant's advertising of the product for use as sunscreen.

116.    Plaintiffs and the Class are therefore entitled to damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

**(Strict Product Liability – Manufacturing Defect –**

**Against Defendant on Behalf of the Class)**

117.    Plaintiff incorporates by references and re-alleges each and every allegation contained above, as though fully set forth herein.

118. The Products contained a manufacturing defect when they left the possession of Defendant. They differ from Defendant's intended result because they contain cadmium.

119. Plaintiff used the products in a way that was reasonably foreseeable to Defendant.

120. As a result of the defects in the manufacture of the products, Plaintiff and the Class suffered injuries from exposure to cadmium.

121. Accordingly, Plaintiff seeks damages to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for judgment against the Defendant as to each and every count, including:

A. An order declaring this action to be a proper class action, appointing Plaintiff and their counsel to represent the Class, and requiring Defendant to bear the costs of class notice;

B. An order enjoining Defendant from selling the Products;

C. An order enjoining Defendant from suggesting or implying that they are safe and effective for human application;

D. An order requiring Defendant to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing Product products;

E. An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendant from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendant's past conduct;

F. An order requiring Defendant to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the Unfair Competition Law or other California law, plus pre- and post-judgment interest thereon;

G. An order requiring Defendant to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

22

H.  An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

I.  An order awarding attorneys' fees and costs to Plaintiffs and the Class; and

J.  An order providing for all other such equitable relief as may be just and proper.

DATED: January 26, 2022                     **BRADLEY/GROMBACHER, LLP**
                                            **MAJARIAN LAW GROUP**


By:_____
                                            Kiley L. Grombacher
                                            Marcus J. Bradley
                                            Sahag Majarian, II
                                            Garen Majarian
                                            *Attorneys for Plaintiff and the Putative Class*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 26, 2022                     **BRADLEYGROMBACHER, LLP**
                                            **MAJARIAN LAW GROUP**


By: _____
                                            Kiley L. Grombacher
                                            Marcus J. Bradley
                                            Sahag Majarian, II
                                            Garen Majarian
                                            *Attorneys for Plaintiff and the Putative Class*

23
CLASS ACTION COMPLAINT

# Exhibit C

DocuSign Envelope ID: 8CE151B7-91F1-4D10-9B73-96C9C4D65CDA

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
E-Mails: mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com

**MAJARIAN LAW GROUP**
Sahag Majarian, Esq. (SBN 146621)
Garen Majarian (SBN 334104)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:    (818) 609-0807
Facsimile:    (818) 609-0892
E-Mails: sahagii@aol.com

*Attorneys for Plaintiff and the Putative Class*

ELECTRONICALLY FILED
Superior Court of California
County of San Diego
01/26/2022 at 10:34:29 AM
Clerk of the Superior Court
By: Elizabeth Reyes, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| DIANA VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation,<br><br>Defendant. | **CASE NO.:**  37-2022-00003327-CU-BT-CTL<br><br><u>**CLASS ACTION**</u><br><br>**DECLARATION OF PLAINTIFF DIANA VARGAS RE: VENUE** |

1

1

**DECLARATION OF DIANA VARGAS**

2

I, Diana Vargas, state and declare as follows:

3
4

 1. I have personal knowledge of the matters stated herein except as to those matters stated on information and belief, which I believe to be true.

5
6

 2. If called and sworn as a witness, I could and would testify truthfully and competently to the matters stated herein.

7
8

 3. I am the named Plaintiff in the above-captioned action and submit this Declaration pursuant to California Civil Code section 1780(d).

9

 4. I currently reside in Oceanside, California, located in San Diego County, California.

10
11
12
13
14
15

 5. I am informed and believe that Defendant Costco Corporation ("Costco"), is a Washington corporation, has its principal place of business in Washington State and is doing business in San Diego County. San Diego County is within the jurisdiction of the California Superior Court, County San Diego. Accordingly, the California Superior Court, County of San Diego, which is located in San Diego, California, is the proper place for the trial of this action under California Civil Code section 1780(d), and this action is properly commenced in that Court.

16
17

 I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

18

 Executed this <u>25th</u> day of January, 2022, at Oceanside, California.

19
20
21

DIANA VARGAS

22
23
24
25
26
27
28

2

DECLARATION OF PLAINTIFF DIANA VARGAS RE: VENUE

# Exhibit D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marcus J. Bradley (SBN 174156) / Kiley L Grombacher (SBN 245960)<br>BRADLEY/GROMBACHER LLP<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, California 91361<br>TELEPHONE NO.: 805-270-7100       FAX NO. *(Optional):* 805-270-7589<br>ATTORNEY FOR *(Name):* Plantiff DIANA VARGAS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**01/26/2022 at 10:34:29 AM**<br>Clerk of the Superior Court<br>By Elizabeth Reyes, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

CASE NAME:
DIANA VARGAS, et al. v. COSTCO WHOLESALE CORPORATION, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2022-00003327-CU-BT-CTL |
| | | | JUDGE: Judge Carolyn Caietti<br>DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve      courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence      court
                                                         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 26, 2022

Kiley L. Grombacher
_____                                 _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

# Exhibit E

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7070 |

| PLAINTIFF(S) / PETITIONER(S): | Diana Vargas |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Costco Wholesale Corporation |
|---|---|

VARGAS VS COSTCO WHOLESALE CORPORATION [EFILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00003327-CU-BT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Carolyn Caietti                    Department: C-70

## COMPLAINT/PETITION FILED: 01/26/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/01/2022 | 09:30 am | C-70 | Carolyn Caietti |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR, is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# Exhibit F

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:     Central | |

| PLAINTIFF(S):   Diana Vargas |
|---|
| DEFENDANT(S): Costco Wholesale Corporation |
| SHORT TITLE:   VARGAS VS COSTCO WHOLESALE CORPORATION [EFILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2022-00003327-CU-BT-CTL |
|---|---|

Judge: Carolyn Caietti                                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                              ☐ Binding private arbitration

☐ Voluntary settlement conference (private)        ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                      ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                _____
Name of Plaintiff                               Name of Defendant

_____                _____
Signature                                       Signature

_____                _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____                _____
Signature                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 01/27/2022                          _____
                                           JUDGE OF THE SUPERIOR COURT

# Exhibit G

 **CT Corporation**

**Service of Process Transmittal**
02/17/2022
CT Log Number 541076108

**TO:**   John Sullivan, Corporate Counsel
Costco Wholesale Corporation
LEGAL DEPT., 999 LAKE DRIVE
ISSAQUAH, WA 98027-

**RE:**   **Process Served in California**

**FOR:**   Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DIANA VARGAS, Individually and on Behalf of All Others Similarly Situated // To: Costco Wholesale Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 37202200003327CUBTCTL |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/17/2022 at 02:04 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/17/2022, Expected Purge Date: 02/22/2022 |
| | Image SOP |
| | Email Notification,  Nicola Merrett  nmerrett@costco.com |
| | Email Notification,  John Sullivan  jsullivan@costco.com |
| | Email Notification,  Joanne Hallenbeck  jhallenbeck@costco.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**          Thu, Feb 17, 2022

**Server Name:**          Douglas Forrest

| Entity Served | COSTCO WHOLESALE CORPORATION |
|---|---|
| Case Number | 3 7 2 0 2 2 0 0 0 0 3 3 2 7CUBTCTL |
| Jurisdiction | CA |

